IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

NICOLE DE ANDA and
ELI DE ANDA

        Plaintiffs                Case No.: 15-CA-008005

v.

NAVIENT SOLUTIONS, INC.

        Defendant(s)
_____/

## COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiffs, NICOLE DE ANDA and ELI DE ANDA, by and through the undersigned counsel, and files this Complaint and Jury Demand against the Defendant, NAVIENT SOLUTIONS, INC. ("NAVIENT") and would show:

## INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs bring this action for statutory damages and actual damages against the Defendant, as well as attorney's fees and the costs of litigation for the Defendant's violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). These laws prevent creditors and debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers for debt collection purposes.

## JURISDICTION AND VENUE

1. This is an action for money damages in excess of fifteen thousand dollars ($15,000.00) exclusive of costs and attorney's fees.

2. Jurisdiction of this Court arises under 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

3. Venue lies in this district pursuant to 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

4. Venue in this district is proper in that the Defendants conduct business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff, NICOLE DE ANDA is an individual, a natural person and a "consumer" residing in Hillsborough County, Florida, who is alleged to owe a debt to NAVIENT.

6. Plaintiff, ELI DE ANDA is an individual, a natural person and a "consumer" residing in Citrus County, Florida, who is alleged to owe a debt to NAVIENT.

7. The Defendant Navient is a wholly owned subsidiary of Sallie Mae that conducts business in Hillsborough County. Its principal business location is 2001 Edmund Halley Drive, Reston, VA 20191-3436.

8. Defendant is engaged in the collection of consumer debts using the telephone, the U.S. Mail, and all other means at its disposal.

9. Defendant is a "debt collector" as defined by the FCCPA.

10. At all times herein, Defendant was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all times herein, the Defendant either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTS

12. At one point in time, Plaintiff NICOLE DE ANDA was alleged to owe a debt to Defendant (the "debt").

13. The debt was incurred for Plaintiff's personal, family and/or household purposes.

14. On March 30, 2015, the undersigned as Plaintiff NICOLE DE ANDA's legal counsel, sent a cease and desist request to NAVIENT via facsimile to 1-800-848-1949 which was confirmed as received at 4:49 p.m. ("Cease and Desist"). The request and its attached written authorization signed by NICOLE DE ANDA advised that Plaintiff was represented by counsel and provided the social security, date of birth, account numbers and full legal name for Plaintiff. It specifically requested:

> All future contact relative to this debt must take place solely through this office. Please cease and desist all communications with our clients. Our clients hereby revoke any prior express consent to call them at any telephone number you have on file.

15. Subsequent to sending the Cease and Desist, the undersigned counsel contacted NAVIENT several times in order to begin negotiations for a rehabilitation or other workout of the student loans. Documentation of telephone calls were made on June 30, 2015, July 14, 2015 and July 21, 2015 and there may have been additional calls that

were attempted. In each telephone call, the undersigned's office identified our client's personal information and advised that we were her legal counsel and that an authorization had been sent. The Cease and Desist letter and its attachments were sent with confirmed receipts on two additional occasions: 1) on June 30, 2015 to 570-200-6259 and July 14, 2015 to 317-806-0341. These were additional fax lines that the undersigned was directed to by Navient representatives.

16. Defendant continued to place calls to Plaintiff NICOLE DE ANDA after March 30, 2015 with a frequency of 3-5 calls per day.

17. Finally, on May 11, 2015, again on June 4, 2015, during collection telephone calls from Defendant to NICOLE DE ANDA, the Plaintiff herself specifically told a NAVIENT representative, that NAVIENT did not have her consent to call her on her cellular telephone, the number of which is 352-[redacted]-5476.

18. Despite Plaintiff informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, in excess of nine times (5/12/15; 5/20/15; 5/26/15; 5/30/15; 6/4/15; 7/7/15; 7/13/15, 7/14/15 and 7/20/15). Many additional calls were made to Plaintiff's cellular telephone which went unanswered and for which a voice message was not left.

19. On May 11, 2015 and again on August 4, 2015, the Plaintiff, ELI DE ANDA, who is NICOLE DE ANDA'S father and co-borrower for one of the NAVIENT'S loan, specifically told a NAVIENT representative, that NAVIENT did not have his consent to call him on his cellular telephone, the number of which is 352-

[redacted]-5944. The NAVIENT representative advised that they could not cease the cellular telephone calls.

20. Despite Plaintiff ELI DE ANDA informing Defendant it did not have his consent to call his cellular telephone, Defendant continued to call his cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, in excess of nine times (7/6/15; 7/7/15; 7/8/15; 7/9/15; 7/10/15; 7/11/15; 7/29/15 and 8/4/15 and 8/18/15). Many additional calls were made to Plaintiff's cellular telephone which went unanswered and for which a voice message was not left.

21. Each time Defendant called the Plaintiffs' cellular telephone, when the Plaintiff would answer the call, there would be a period of silence for several seconds, then a mechanical clicking noise prior to a live person coming onto the line.

22. Occasionally, after the immediately aforementioned period of silence and mechanical clicking noises, the call would be terminated by the calling party without a live person ever coming onto the line.

23. Upon information and belief, the immediately aforementioned characteristics of the telephone calls indicate that Defendant used an automatic telephone dialing system ("auto-dialer") to place the telephone calls each time that it called the Plaintiffs' cellular telephone. On occasion, when the Plaintiffs would answer the telephone, a prerecorded message was delivered to them prior to a live human coming on the line.

24. All eighteen (18) of the aforementioned telephone calls (and all additional calls prior to Plaintiffs maintaining a log) were willfully and knowingly made by

Defendant to the Plaintiffs' cellular telephone after Defendant was made aware that the Plaintiffs did not consent to receiving such calls.

25. On or about July 18, 2015, NAVIENT'S representative called NICOLE DE ANDA'S mother, Vicky De Anda, and stated that they needed to get ahold of Plaintiff and that they would no longer be able to offer a settlement if NICOLE DE ANDA hired legal counsel. Vicky De Anda explained that Plaintiff had already retained counsel and had asked for the calls to stop. NAVIENT denied having heard from counsel and stated that Plaintiff needed to handle this herself.

26. On or about July 20, 2015, NAVIENT's representative, Jeremy, advised Plaintiff NICOLE DE ANDA that unless she made a payment of $287 that day, he would hit "send" on his computer and the matter would proceed to all the legal actions that had been described in the past which included liens on her parents' property and threatened garnishment. Plaintiff made the payment of $287.

27. On or about July 23, 2015, NAVIENT sent a written settlement offer to Plaintiff Nicole De Anda to settle the debt which was accepted. The initial payment has been made and acknowledged under the settlement. The settlement did not address any of the consumer debt collection violation claims made herein and did not contain any kind of release of claims.

28. The Plaintiffs have retained the law firm of Christie D. Arkovich, P.A. for the purpose of pursuing this matter against the Defendant and is obligated to pay her attorneys a reasonable fee for their services.

29. Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages, as well as actual damages and an award of attorney's fees to the Plaintiffs should the Plaintiffs prevail in this matter against the Defendant.

30. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiffs' cellular telephone with an auto-dialer without their express prior consent.

31. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiffs' cellular telephone that delivers a prerecorded message without his express prior consent.

32. In addition, if the Court finds the Defendants willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiffs for such violations pursuant to 47 U.S.C. § 227 (b)(3).

33. All conditions precedent to the filing of this action have been completed or have been waived.

## CAUSES OF ACTION

### COUNT 1 – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT – NICOLE DE ANDA

34. This is an action by NICOLE DE ANDA against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

35. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

36. The Defendant unlawfully used an autodialer to call the Plaintiff's cellular telephone on at least nine occasions, without Plaintiff's express consent, while knowing the conduct was prohibited under the TCPA.

37. Defendant advised Plaintiff that it could garnish her income and place liens on her parents property unless she paid a sum of $287 on the day of that call to stop legal action from being taken.

38. Defendant advised Plaintiff's mother that if Plaintiff retained legal counsel that it could not settle with her.

39. Defendant continued to contact Plaintiff despite being advised she was represented by legal counsel on numerous occasions.

40. The immediately aforementioned conduct violated 559.72(7), 559.72(9) and 559.72(18), Florida Statutes.

41. As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Defendant for:

    a. Damages;

    b. Attorney's fees and the costs of litigation;

    c. A permanent injunction enjoining Defendant from engaging in the complained-of practices; and

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT – ELI DE ANDA

42. This is an action by Plaintiff ELI DE ANDA against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

43. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

44. The Defendant unlawfully used an autodialer to call the Plaintiff's cellular telephone on at least nine occasions, without Plaintiff's express consent, while knowing the conduct was prohibited under the TCPA.

45. The immediately aforementioned conduct violated 559.72(7) and 559.72(9), Florida Statutes.

46. As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Defendant for:

a. Damages;

b. Attorney's fees and the costs of litigation;

c. A permanent injunction enjoining Defendant from engaging in the complained-of practices; and

d. Such other or further relief as the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT – NICOLE DE ANDA

47. This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

48. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

49. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

50. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

51. Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, in excess of nine (9) times, without her prior express consent.

52. Defendant is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without her prior express consent.

53. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff had specifically told the Defendant that it did not have her consent to call her on her cellular telephone.

54. As a direct and approximate result of Defendant's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under

the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

55. As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

56. Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for:

    a. $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

    b. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

    c. Costs of litigation, and;

    d. Such other or further equitable relief as the Court deems just and proper under the circumstances.

## COUNT IV – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – ELI DE ANDA

57. This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

58. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

59. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

60. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(B) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

61. Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, in excess of nine (9) times, without his prior express consent.

62. Defendant is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without his prior express consent.

63. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff had specifically told the Defendant that it did not have his consent to call him on his cellular telephone.

64. As a direct and approximate result of Defendant's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under

the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

65. As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

66. Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for:

e. $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

f. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

g. Costs of litigation, and;

h. Such other or further equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this _31st_ day of September, 2015.

Respectfully Submitted:

_____
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 482115
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorneys for Plaintiffs